# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| AUDEN CARRASCO, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | CIVIL NO. 4:20-cv-00007 |
| § | | |
| PENSKE TRUCK LEASING CO., L.P. § | | |
| AND MATTHEW GENE FELLER, § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW AUDEN CARRASCO, referred to hereinafter by name or as "Plaintiff," complaining of PENSKE TRUCK LEASING CO., L.P. and MATTHEW GENE FELLER, referred to hereinafter by name or as "Defendants," and for cause of action respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff AUDEN CARRASCO is an individual residing in Andrews County, Texas.

2. Defendant PENSKE TRUCK LEASING CO., L.P. is a Pennsylvania corporation that may be served by and through its retained counsel: Larry W. Hicks and Cynthia C. Llamas, HICKS & LLAMAS, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912. **Issuance of Summons for this Defendant is requested.**

3. Defendant MATTHEW GENE FELLER is an individual domiciled in the State of Nevada who may be served by and through his retained counsel: Larry W. Hicks and Cynthia C. Llamas, HICKS & LLAMAS, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912. **Issuance of Summons for this Defendant is requested.**

## II.
## FACTS

4. On or about January 24, 2019, Defendant MATTHEW GENE FELLER was driving a white 2016 Freightliner tractor-trailer traveling northbound on SH 115 in Winkler County, Texas.

5. Defendant MATTHEW GENE FELLER thereafter attempted to turn left across southbound traffic into a private drive located on the west side of the roadway.

6. In doing so, Defendant MATTHEW GENE FELLER caused a severe and violent collision with a 1995 Ford F-150 driven by Plaintiff.

7. At the time of said collision, Plaintiff AUDEN CARRASCO was traveling southbound on SH 115, and at all relevant times hereto maintained the right-of-way.

8. Also, at the time of said collision, the Tractor-trailer driven by Defendant MATTHEW GENE FELLER was owned, leased, or otherwise under the control of Defendant PENSKE TRUCK LEASING CO., L.P.

9. Also, at the time of the collision, Defendant MATTHEW GENE FELLER was acting in the course and scope of his employment with Defendant PENSKE TRUCK LEASING CO., L.P.

10. As a direct and proximate result of said collision, Plaintiff suffered severe injuries and has incurred substantial damages, as set forth more specifically below.

## III.
## VENUE

11. Venue in the Western District of Texas, Pecos Division is proper pursuant to 28 U.S. Code § 1391(b)(2) because the motor vehicle collision giving rise to Plaintiff's claims occurred in Winkler County, Texas.

## IV.
## JURISDICTION

12. The court has jurisdiction over this suit based on diversity of citizenship. Specifically:

    a. Plaintiff is a citizen of the State of Texas;

    b. Defendant **PENSKE TRUCK LEASING CO., L.P.** is an entity incorporated under the laws of the State of Pennsylvania; and

    c. Defendant **MATTHEW GENE FELLER** is domiciled in the State of Nevada.

13. Further, the amount in controversy exceeds $75,000 exclusive of interests and costs.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT MATTHEW GENE FELLER

### A.
### NEGLIGENCE

14. Defendant MATTHEW GENE FELLER was negligent on the occasion in question in that he owed Plaintiff a duty to use ordinary care in the operation of his vehicle described above, and breached said duty in one or more of the following respects:

    a. Failing to yield the right-of-way

    b. Failing to keep a proper lookout;

    c. Failing pay attention to his surroundings;

    d. Failing to operate a vehicle as would a reasonable prudent driver under the same or similar circumstances.

15. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constitute negligence, and such negligence proximately caused the collision in question as the basis hereof as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## B.
## GROSS NEGLIGENCE

16. The negligence of Defendant MATTHEW GENE FELLER as described herein was more than mere thoughtlessness or inadvertence.

17. Rather, Defendant's acts and/or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

18. Defendant had actual, subjective awareness of such risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

19. Defendant is therefore liable for gross negligence, and such gross negligence proximately caused the incident serving as the basis hereof as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT PENSKE TRUCK LEASING CO., L.P.

## A.
## *RESPONDEAT SUPERIOR*

20. Defendant PENSKE TRUCK LEASING CO., L.P. is liable to Plaintiff for each and every negligent act and/or omission of Defendant MATTHEW GENE FELLER under the doctrine of *respondeat superior*. Specifically:

    a. Plaintiff was injured as a result of the collision at issue;

    b. Defendant MATTHEW GENE FELLER was an employee of Defendant PENSKE TRUCK LEASING CO., L.P.; and

    c. The collision at issue occurred while Defendant MATTHEW GENE FELLER was acting within in the course and scope of employment with Defendant PENSKE TRUCK LEASING CO., L.P. – that is, the act was:

d.  Within Defendant MATTHEW GENE FELLER's general authority;

   e.  In furtherance of the business of Defendant PENSKE TRUCK LEASING CO., L.P.; and

   f.  For the accomplishment of the object for which Defendant MATTHEW GENE FELLER was hired.

21. By reason of the foregoing, Defendant PENSKE TRUCK LEASING CO., L.P. is vicariously liable to Plaintiff inasmuch as Defendant MATTHEW GENE FELLER is directly liable to Plaintiff.

**B.**
**NEGLIGENT HIRING / TRAINING / SUPERVISION / RETENTION**

23. Defendant PENSKE TRUCK LEASING CO., L.P. was negligent on the occasion in question in that said Defendant owed a duty to hire, supervise, train and retain competent employees, and breached said duty in one or more of the following aspects:

   a.  Hiring Defendant MATTHEW GENE FELLER when a reasonable, prudent employer in the same or similar circumstances would not;

   b.  Failing to train Defendant MATTHEW GENE FELLER as would a reasonable, prudent employer in the same or similar circumstances;

   c.  Failing to supervise Defendant MATTHEW GENE FELLER as would a reasonable, prudent employer in the same or similar circumstances; and

   d.  Retaining Defendant MATTHEW GENE FELLER as an employee when a reasonable, prudent employer in the same or similar circumstances would not.

24. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision in question as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

**C.**
**NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE**

25. Defendant PENSKE TRUCK LEASING CO., L.P. was also negligent in the following

respects:

   a. At the time of the incident, Defendant PENSKE TRUCK LEASING CO., L.P. either owned or leased the vehicle in question and entrusted the same to Defendant MATTHEW GENE FELLER;

   b. At the time of the incident, Defendant MATTHEW GENE FELLER was an unlicensed, incompetent, and/or reckless driver;

   c. At the time of the incident, Defendant PENSKE TRUCK LEASING CO., L.P. either knew or should have known that Defendant MATTHEW GENE FELLER was an unlicensed, incompetent, and/or reckless driver;

   d. Defendant MATTHEW GENE FELLER was negligent on the occasion in question; and

   e. Defendant MATTHEW GENE FELLER's negligence proximately caused Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

26. Defendant PENSKE TRUCK LEASING CO., L.P. is therefore liable to Plaintiff for negligent entrustment of a motor vehicle, and such negligence proximately caused the collision in question as well as Plaintiff's injuries and damages, as set forth more specifically herein.

## D.
## GROSS NEGLIGENCE

27. The negligence of Defendant PENSKE TRUCK LEASING CO., L.P. as described herein was more than mere thoughtlessness or inadvertence. Rather, Defendant's acts and/or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

28. Defendant had actual, subjective awareness of such risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

29. Defendant is therefore liable for gross negligence, and such gross negligence proximately caused the incident serving as the basis hereof as well as Plaintiff's injuries, damages, and

other losses as set forth more specifically herein.

## VII.
## DAMAGES

30. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff AUDEN CARRASCO suffered severe bodily injuries.

31. Plaintiff's injuries are permanent in nature and, in all reasonable probability, Plaintiff will continue to suffer from the effects of such injuries for the remainder of Plaintiff's natural life.

32. Plaintiff has also endured severe physical pain and mental anguish and a result of such injuries and, in all reasonable probability, Plaintiff will continue to endure severe physical pain and mental anguish for the remainder of Plaintiff's natural life.

33. Plaintiff's injuries have also resulted in severe physical limitations and impairment which, in all reasonable probability, will continue for the remainder of Plaintiff's natural life.

34. Plaintiff's injuries have also resulted in severe physical disfigurement which, in all reasonable probability, will continue for the remainder of Plaintiff's natural life.

35. Plaintiff has also paid and/or incurred medical expenses as a result of such injuries. Plaintiff's medical expenses were necessary for the treatment and care of the injuries resulting from the incident complained of herein. Further, the amounts charged for such medical expenses were reasonable at the time and place the services were provided.

36. There is also a reasonable probability that Plaintiff will require future medical care and attention, and will therefore incur the cost of future reasonable and necessary medical expenses.

37. Plaintiff seeks all damages allowed by law, including but not limited to the following:

   a. Past medical expenses;
   b. Future medical expenses;
   c. Pain and suffering in the past;

d. Pain and suffering in the future;
   e. Mental anguish in the past;
   f. Mental anguish in the future;
   g. Physical impairment in the past;
   h. Physical impairment in the future;
   i. Physical disfigurement in the past;
   j. Physical disfigurement in the future;
   k. Lost wages in the past;
   l. Loss of wage-earning capacity in the future;
   m. Exemplary damages;
   n. Pre-judgment interest; and
   o. Post-judgment interest.

## VIII.
## JURY DEMAND

38. Plaintiff demands a trial by jury.

## IX.
## PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff AUDEN CARRASCO respectfully prays that Defendants PENSKE TRUCK LEASING CO., L.P. and MATTHEW GENE FELLER be cited to appear and answer, and upon final trial hereafter, that Plaintiff have judgment against all named Defendants in an amount within the jurisdictional limit of the Court, together with all pre-judgment and post-judgement interest as allowed by law, costs of court, and for such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**THOMAS J. HENRY LAW, PLLC**
5711 University Heights, Suite 101
San Antonio, Texas 78249
P.O. Box 696025 (78269)
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By: _/s/ Russell Jackson_
Russell T. Jackson
Texas State Bar No. 24069978
Email: rjackson@tjhlaw.com
**\*E-Service address: rjackson-svc@tjhlaw.com**
**ATTORNEY FOR PLAINTIFF**

**\*Service by email to this address only**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was forwarded to the parties and individuals identified below, by the method of service indicated on this  28th  day of January, 2020:

_/s/ Russell Jackson_
Russell T. Jackson

**Via Email:**
Hicks@HandL-Law.com
Llamas@HandL-Law.com
Mr. Larry W. Hicks
Cynthia C. Llamas
Hicks & Llamas
124 W. Castellano Drive, Suite 100
El Paso, Texas  79912
(915) 834-8400
(915) 587-8401 FAX
**ATTORNEYS FOR DEFENDANTS**